IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

L. GODFREY GARNER                                                                    PLAINTIFF

VERSUS                                                CIVIL ACTION NO.  3:11cv127-TSL-MTP

MISSION ESSENTIAL PERSONNEL, L.L.C.                                  DEFENDANT

ORDER

THIS MATTER is before the court on the Plaintiff's Second Motion [63] to Compel Discovery.  Having considered the submissions of the parties and the applicable law, the court finds that the Plaintiff's Motion [63] to Compel should be granted in part and denied in part.

In his Motion [63], Plaintiff seeks an order compelling the Defendant to produce documents in response to Request Nos. 17, 18, and 19 from his Second Set of Requests for Production.  As an initial matter, while not raised by Defendant, this motion is arguably untimely, as the motion was not filed "sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."  L.U. Civ. R. 7(b)(2)(B); *see also Applewhite v. United States*, No. 3:07-cv-162- WHB-LRA, 2008 WL 4539625, at *1 (S.D. Miss. Oct. 07, 2008) (denying motion to compel as untimely under Local Rule 7.2(B)(2)); *Seiferth v. Helicopteros Atuneros*, No. 4:03CV463-P-B, 2008 WL 5234416, at *1 (N.D. Miss. Dec. 12, 2008).  The discovery deadline expired on May 15, 2012.  Nevertheless, the court will address the merits of the motion.

Plaintiff's motion is granted in part and denied in part as to Request No. 17.  Defendant shall produce any emails between and/or among Matt Jennings and Rick Hoppe and/or Rob Brady during the time period of November 1, 2009 through October 31, 2010, that mention Plaintiff and/or his work or the allegations contained in the complaint.

Plaintiff's motion is granted as to Request No. 18.  Defendant shall produce all Weekly Activity Reports submitted by or to any of the following: the Plaintiff; Rob Brady; Rick Hoppe; Bob Hall; and/or Matt Jennings during the time period of November 1, 2009 through October 31, 2010.  The court finds that these documents are "relevant" under Rule 26.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).  The term "relevant" in Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Plaintiff's motion is granted as to Request No. 19.  Defendant shall produce all monthly local command evaluations submitted by the U.S. Military to the Defendant concerning counter-intelligence support teams in the Afghanistan theater of operations for the time period of November 1, 2009 through October 31, 2010.  The court finds that these documents are "relevant" for discovery purposes under Rule 26.

While some of the documents at issue may be confidential or proprietary in nature, such documents are subject to the Agreed Protective Order [32] entered in this matter, which should sufficiently address any concerns about disclosing proprietary or sensitive information.  *See Akins v. S. Cent. Bell Tel. Co.*, 744 F.2d 1133, 1136 (5th Cir. 1984) (holding that defendant's objection to producing document because it contained confidential information was without merit, reasoning that "[c]onfidential information is produced in lawsuits all the time" and that if the court deemed it necessary, "a protective order may be used to safeguard the confidentiality of the [information]").

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion [63] to Compel Discovery is GRANTED in part and DENIED in part as set forth herein, with each party to bear its own costs and fees.

2. Defendant shall produce any documents and/or information required by this Order on or before June 1, 2012. Any documents withheld on the basis of privilege shall be identified on a privilege log.

3. The discovery deadline is extended to June 1, 2012, for the sole purpose of compliance with this Order.

4. The motions deadline is extended to June 15, 2012.

SO ORDERED this the 23rd day of May, 2012.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge